IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRADITIONS, L.P., | § | |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | No. 119, 2020 |
| | § | |
| v. | § | Court Below–Court of Chancery |
| | § | of the State of Delaware |
| TIMOTHY B. HARMON, | § | |
| | § | C.A. No. 2019-0713 KSJM |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 31, 2020
Decided:  April 2, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES,** Justices.

## **ORDER**

Upon careful consideration of the notice of interlocutory appeal, the supplemental notice of appeal, their exhibits, and the Court of Chancery's order denying the application for certification of an interlocutory appeal, it appears to the Court that:

(1)  This appeal arises from a Court of Chancery decision granting the motion for advancement of fees filed by the plaintiff below-appellee, Timothy Harmon.  The following events preceded this ruling.

(2)  Under the terms of the Limited Partnership Agreement of the defendant below-appellant, Traditions, L.P. ("Traditions"), Harmon sought the

advancement of attorneys' fees and other expenses incurred in connection with an action Traditions and Harmon's mother, Germaine Harmon, brought in a Florida state court against him. Traditions' Limited Partnership Agreement provides for the advancement of expenses incurred under certain circumstances and is governed by Delaware law.

(3) On September 27, 2019, the Court of Chancery issued an order that established a method for Harmon to make advancement demands on a monthly basis consistent with the process approved in *Danenberg v. Fitracks, Inc.*[1] On November 23, 2019, Harmon submitted invoices to Traditions for payment. Traditions objected to a number of the fees and expenses. Harmon then filed a motion for advancement under Court of Chancery Rule 88. On February 18, 2020, the Court of Chancery issued a letter decision granting the motion for advancement. In doing so, the Court of Chancery determined that Delaware counsel's good faith certification supported the advancement of fees in the absence of clear abuse.

(4) On February 28, 2020, Traditions asked the Court of Chancery to certify an interlocutory appeal from the court's order granting the motion for the advancement of fees. Traditions maintained that the court's order decided a

---

[1] 58 A.3d 991, 1003 (Del. Ch. 2012).

substantial issue of material importance[2] because it determined that Traditions was not entitled to a review of the reasonableness of Harmon's advancement demands absent evidence of clear abuse. Traditions also argued that the following Rule 42(b)(iii) factors weighed in favor of granting interlocutory review: the decisions of the trial courts are conflicting upon the question of law,[3] the question of law relates to the application of Section 145(k) of the Delaware General Corporation Law,[4] and interlocutory review would serve the considerations of justice.[5] Harmon opposed the application.

(5) On March 24, 2020, the Court of Chancery denied Traditions' application for certification of an interlocutory appeal. The Court of Chancery disagreed with Traditions and found that its ruling did not decide a substantial issue of material importance—a threshold consideration under Rule 42(b)(i)— because it did not decide an issue related to the merits of the case. Even if its order had decided an issue of substantial issue of material importance, however, the Court of Chancery found that the likely benefits of interlocutory review would not outweigh the probable costs, such that interlocutory review would serve the interests of justice.[6] We agree with the Court of Chancery's conclusion.

---

[2] Del. Supr. Ct. R. 42(b)(i).
[3] Del. Supr. Ct. R. 42(b)(iii)(B).
[4] Del. Supr. Ct. R. 42(b)(iii)(C).
[5] Del. Supr. Ct. R. 42(b)(iii)(H).
[6] Del. Supr. Ct. R. 42(b)(iii).

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[7] Giving due weight to the Court of Chancery's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[8] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[9]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr*.
Chief Justice

---

[7] Del. Supr. Ct. R. 42(d)(v).
[8] Del. Supr. Ct. R. 42(b)(ii).
[9] Del. Supr. Ct. R. 42(b)(iii).

4